FILED

November 13 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0163

_____

IN RE THE RULES OF CONTINUING LEGAL EDUCATION

O R D E R

_____

Before this Court is a Petition filed by the Montana Commission of Continuing Legal Education (Commission) proposing to make certain amendments to the 2001 Rules of Continuing Legal Education (CLE Rules). The Commission states that the proposed amendments are for purposes of clarification of the procedure by which attorneys are transferred to inactive status for noncompliance with CLE requirements and to make all references to this procedure consistent. The Commission's rationale is further developed in its Petition, and will not be repeated here.

We have reviewed the Commission's Petition, and conclude that its proposed amendments to the CLE Rules are well grounded and should be approved. Therefore, good cause shown,

IT IS ORDERED the Commission's petition is GRANTED. CLE Rules 3, 5, 12, 13, 14 and 15 are amended in accordance with "Exhibit A" attached hereto, and by this reference made a part hereof for all purposes. Deleted language is stricken and added language is underlined.

IT IS FURTHER ORDERED that these amendments to the CLE Rules will become effective 30 days from the date of this Order.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order to the Executive Director of State Bar of Montana with the request that a reference or link

1

to this Order be published on the State Bar of Montana's website and with the further request that notice of this Order be published in the *Montana Lawyer*; to the Clerks of the District Courts; to the Judges of the District Courts; to the Clerk of the Federal District court of the District of Montana with the request that the Clerk provide a copy to the United State District Judges in Montana; and to the Clerk of the Circuit Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED that this Order be published on the websites of the Montana Supreme Court and the Montana State Law Library.

Dated this 13th day of November, 2008.

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE

## - Exhibit A -

**Rule 3 – Commission**

B. Powers of the Commission

e. Assess annual affidavit filing fees to pay the reasonable and necessary costs of administering these rules, assess penalty fees for failure to file affidavits as required by Rule 5, assess a fee for the ~~restoration~~ reinstatement to active practice of attorneys ~~suspended from the practice of law~~ under Rule 12, assess sponsor fees, and assess other fees deemed necessary by the Commission;

h. ~~In accordance with Rule 12,~~ Direct the State Bar of Montana to transfer attorneys not in compliance with Rule 5 from active status to inactive status ~~and otherwise comply with the notification requirements of Rule 12~~.

**Rule 5 - Reporting Requirements**

C. Noncompliance Fees. In addition to the filing fee prescribed in Rule 3B2(e), attorneys in noncompliance who correct the deficiency on or before June 15, as provided in Rule 12A, shall be assessed an additional fee. ~~of fifty dollars ($50.00). 1.~~ Noncompliance after June 15 shall be governed by Rule 12.
~~2. The fees prescribed in this Rule shall be determined by the Commission each year.~~

**Rule 12 – Noncompliance**

A. Notice of Noncompliance. The Commission shall, by May 15 of each year, send a written notice of noncompliance to each attorney who had not filed an acceptable affidavit for the previous year as required by Rule 5. The notice of noncompliance shall describe the nature of the noncompliance and shall state that, unless the attorney files an acceptable affidavit with the Commission postmarked by June 15 of that year showing that the noncompliance has been corrected and pays the appropriate fees, the Commission will direct the State Bar of Montana to transfer the attorney to inactive status until the noncompliance is corrected and the fees required by Rule 5 are paid. ~~This transfer shall be effected within 10 business days of the Commission's notice to the State Bar of Montana.~~
B. Notice of Transfer. ~~Contemporaneously with its notice to the State Bar of Montana~~ No later than ten (l0) business days after June 15, the Commission shall furnish the names of the attorneys and the effective date of their transfers to inactive status -- ~~which shall be the 10th business day following the Commission's notice to the State Bar of Montana~~ -- to the named attorneys, to the Montana Supreme Court, to the Clerk of the Montana Supreme Court, to the Clerks of the District Courts of the State of Montana with the request that they provide a copy to the district judges in their judicial district, to the Clerk of the Federal District Court of the District of Montana with a request that ~~he~~ the Clerk provide a copy to the United States District Judges in Montana, and to the Clerk of the Circuit Court of Appeals for the Ninth Circuit.

1

**Rule 13 - CLE Requirement Upon Reinstatement ~~to Active Status~~ or after Suspension**

~~This rule applies to~~ an attorney ~~suspended from the practice of law~~ transferred to inactive status in accordance with Rule 12 or suspended from the practice of law who applies for reinstatement to active status. The attorney may be reinstated by the Court upon the payment of all fees required by the Commission and certification by the Commission that the attorney has completed the minimum continuing legal education requirements. ~~that brought about the suspension.~~ The attorney ~~requesting reinstatement~~ shall have completed fifteen (15) hours of approved continuing legal education for each 12-month period the attorney was on inactive status or suspended from the practice of law. The total continuing legal education requirement under all of the foregoing shall not exceed thirty (30) hours. The Commission may consider hours of approved continuing legal education that the attorney has completed within twenty-four (24) months prior to the application for reinstatement. ~~Upon a showing of good cause, the Court may waive the continuing legal education requirement for that year on the condition that the attorney agrees to change to inactive status.~~

**Rule 14 - CLE Requirement Upon Change From Voluntary Inactive to Active Status**

This rule applies to an attorney who voluntarily switched from active to inactive status and who applies for reinstatement to active status. Within six (6) months of reinstatement to active status by the Court, the attorney shall complete fifteen (15) hours of approved continuing legal education for each 12-month period of inactive status, not to exceed a total of thirty (30) hours. The Commission may consider hours of approved continuing legal education which the member has completed within twenty-four (24) months prior to the application for reinstatement to active status.
Attorneys who believe their occupations during inactive status are sufficient to warrant readmission to active status without being required to make up continuing legal education credits may submit petitions to the Court for such re-admission setting forth the grounds for re-admission.
Attorneys who believe their occupations during inactive status are sufficient to warrant readmission to active status without being required to make up continuing legal education credits may submit petitions to the Court for such re-admission setting forth the grounds for re-admission.
If an active member requests to become an inactive member, the continuing legal education requirement may be waived for the preceding year.

**Rule 15 - Confidentiality**

Unless otherwise directed by the Supreme Court or these Rules, the files, records and proceedings of the Commission, as they relate to or arise out of any failure of any attorney to satisfy the requirements of these Rules, shall be deemed confidential and shall not be disclosed, except in furtherance of the duties of the Commission, upon the request of the Commission on Practice, or the attorney affected, or as introduced into evidence or otherwise produced in proceedings under these Rules. After the ~~Supreme Court~~ Commission ~~suspends~~ directs the State Bar of Montana to transfer an attorney ~~from the practice of law~~, to inactive status the matter becomes one of public record and is no longer confidential.